UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAUDIA G. COTE, M.D.,
DIANE T. GOWSKI, M.D.,
SALLY B. ZACHARIAH, M.D., and
ROXANNE LAINHART BRONNER,

      Plaintiffs,

v.                                          Case No. 8:07-cv-1524-T-TBM

ERIC K. SHINSEKI, Secretary,
DEPARTMENT OF VETERANS
AFFAIRS,

      Defendant.
_____/

**ORDER GRANTING INJUNCTIVE AND OTHER EQUITABLE RELIEF**

THIS MATTER is before the court on **Plaintiffs' Motion for Equitable or Prospective Relief** (Doc. 150) and Defendant's response thereto (Doc. 158).[1] By the instant motion, Plaintiffs seek general injunctive relief, as well as specific individual equitable relief. Oral arguments on the motion were heard October 14, 2009, and additional submissions were received.[2]

This Circuit recognizes that "[t]he purpose of Title VII relief is to 'make whole' victims of unlawful discrimination. To accomplish this purpose, the statute 'vests broad

---

[1] This cause was tried to a jury which found in favor of the Plaintiffs. Consistent with the verdicts, an Amended Judgment was entered October 19, 2009, awarding Plaintiffs compensatory damages, prejudgment interest as appropriate, and post-judgment interest. (Doc. 172). Additionally, the Court retained jurisdiction on the matter of injunctive and other prospective relief. *Id.*

[2] *See* Docs. 173, 180.

equitable discretion in the federal courts,' to fashion the most complete relief possible." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1363 (11th Cir. 1994) (quoting *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1526 (11th Cir. 1991)). A trial court has "broad, equitable discretion to grant any equitable relief it deems appropriate to make persons whole for injuries suffered on account of unlawful employment discrimination." *Rivers v. Washington County Bd. of Educ.*, 770 F.2d 1010, 1012 (11th Cir. 1985).

In this case, there is no showing permitting a conclusion that the discriminatory conduct will not recur or that the circumstances have changed such that the effects of the retaliatory hostile work environment have been eliminated. Indeed, it appears that no changes have been made at all at Bay Pines VA in response to the verdicts in this case. Thus, the request for injunctive relief remains ripe. Furthermore, in order to make the Plaintiffs whole, additional specific prospective relief is appropriate. Accordingly, **Plaintiffs' Motion for Equitable or Prospective Relief** (Doc. 150) is **granted** in part as follows:

(1) The Court Orders and Directs that the Secretary, his successors, assigns, agents, employees, and those acting in concert with them as well as all others subject to Defendant's control are hereby enjoined from continuing or maintaining any policy, custom, usage or practice of retaliation, retaliatory harassment, or retaliatory hostile work environment at the Bay Pines VA facility or at any location within the Bay Pines healthcare system.

(2) The Court further Orders and Directs that the Secretary, his successors, assigns, agents, employees, and those acting in concert with them as well as all others subject to Defendant's control shall cease and desist from all acts or omissions against the Plaintiffs and

each of them, now and in the future, taken in retaliation for any conduct protected by Title VII of the Civil Rights Act or other similar federal law.  To assure compliance, for a period of at least three (3) years from the date of this Order, no adverse action related to discipline, performance evaluations, privileges and credentialing, duty assignments, promotional opportunities, compensation and benefits, committee memberships, and/or research may be taken against the Plaintiffs or any of them without the independent review and approval of the EEO manager at VISN or some equally independent EEO manager appointed by the Secretary to perform such oversight.

(3) The Court further Orders and Directs that the Secretary or his assigns shall command that the Director of Bay Pines VA, all Assistant Directors, the Chief(s) of Staff, the Chief of Medicine, and the chief EEO manager and all EEO counselors shall participate in a program of remedial instruction on workplace discrimination, with particular focus on retaliation and retaliatory harassment in the workplace, and hostile work environment as proscribed by Title VII; and also on the No Fear Act; the EEO process and the individual and corporate obligations incumbent on each to assure full compliance with the law and regulatory provisions.  Such instruction shall be provided live by a qualified individual mutually agreed to by counsel for the parties on an agenda mutually agreed to by counsel for the parties for an instructional period of not less than eight (8) hours and shall occur within ninety (90) days from the date of this Order.

(4)(a)  Regarding the request to expunge records, the Court Orders and Directs that any and all files concerning Plaintiffs or any of them compiled by or at the direction of Dr. L. Lin

3

or his superiors and maintained by him or those acting at his direction and any so-called "evidence files" prepared in connection with any disciplinary proceedings against these Plaintiffs for the period from 2004 to the present, shall be collected by the manager of the Human Resources ("H.R.") section, and maintained as confidential personnel records in H.R., separate from the usual and customary records kept on these Plaintiffs as Bay Pines VA employees. Absent agreement of the parties or permission from the Court, these records may not be used in any way against any of the Plaintiffs.

    (b) As for the remainder of the records identified by Plaintiffs' report to the court (Doc. 180), the Court further Orders and Directs that neither the Secretary, his successors, assigns, agents, employees, or those acting in concert with them or any others subject to Defendant's control shall use any such records or portions thereof, recorded since 2004, reflecting adverse findings, disciplinary actions and/or negative evaluations of Plaintiffs or any of them in support of any proposed disciplinary or other adverse action to be taken hereafter against these Plaintiffs or any of them. It is the intention of the Court that these Plaintiffs proceed forward from the date of this Order with a clean disciplinary slate. Otherwise, the request to expunge or alter records is denied.

    (5) The Court further Orders and Directs as to Dr. Cote, Dr. Gowski, and Dr. Zachariah that each be appointed, if they choose to request such appointment, to up to two (2) additional hospital committees. Any requests for appointment to such committee(s) shall be made to the appropriate authority at Bay Pines VA within thirty (30) days from the date of this Order and the Secretary or his assigns shall assure their appointment to the selected

committee(s) within sixty (60) days from the date of this Order. Each shall be permitted to serve on the selected committee(s) for the full term permitted all other members.

(6) The Court declines the request to appoint or install Plaintiff Dr. Cote as co-section chief over the pulmonary section as improvident, but on the basis of the jury's findings and employing the same rationale used to calculate her back pay, the Court hereby awards Dr. Cote front pay in lieu thereof in the amount of $12,500 per year for three years which sum shall be paid in addition to all other compensation paid her.[3]

(7) Further regarding the matter of duty assignment, the Court Orders and Directs that Dr. Gowski receive a full rotation through the Medical Intensive Care Unit (MICU) beginning within 120 days from the date of this Order and rotations through MICU thereafter consistent with any nondiscriminatory practice then in effect at Bay Pines VA for rotating physicians. In addition to commanding this, the Secretary or his assigns shall also direct that the Director of Bay Pines VA, the Chief of Staff, the Chief of Medicine, and other appropriate personnel cooperate in facilitating Dr. Gowski's obtaining any necessary privileges and/or credentials for her assignment and rotation through the MICU.

(8 ) Further regarding the matter of research, the Court Orders and Directs that Dr. Zachariah be returned her dementia study should she again choose to pursue it.

---

[3]The sum of $12,500 per year in additional pay is consistent with the average annual back pay award made to Dr. Cote on the jury's finding that she was discriminated against in the selection of Dr. L. Anderson to the position of section chief of pulmonary medicine. *See* (Doc. 169 at 10-13). The sum will assure that her added value to Bay Pines VA is reflected in her annual compensation. *Id.* The term of three years, commencing in 2010, appears a reasonable period of time to both fairly compensate Dr. Cote and allow for other opportunities for advancement.

(9) The Court further Orders and Directs that the Secretary or his assigns shall command the manager of H.R. to post this Order within twenty (20) days in multiple appropriate locations throughout the Bay Pines VA hospital and health care system for a period of not less than ninety (90) days.

To the extent not granted hereby, the motion (Doc. 150) is **denied**. The Court reserves and retains jurisdiction over the executory provisions of this Order.

**Done and Ordered** at Tampa, Florida this 23rd day of November 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of record