**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL FIELDER, as Personal**
**Representative of the Estate of**
**CLAUDIA G. COTE, M.D., deceased,**
**DIANE T. GOWSKI, M.D.,**
**SALLY B. ZACHARIAH, M.D., and**
**ROXANNE LAINHART BRONNER;**

       **Plaintiffs,**

v.                                    Case No. 8:07-cv-1524-T-TBM

**ERIC K. SHINSEKI, Secretary**
**Department of Veterans Affairs,**

       **Defendant.**
                                 /

## O R D E R

THIS MATTER is before the court on **Plaintiffs' Motion for Attorneys Fees and Costs and Memorandum of Law in Support** (Doc. 137), **Plaintiffs' Supplemental Motion to Tax Attorneys Fees and Costs** (Doc. 170), **Plaintiffs' Second Supplemental Motion to Tax Attorneys Fees and Costs and Calculation of Prejudgment Interest on Attorneys Fees** (Doc. 183), and Defendant's responses in opposition (Docs. 162, 177). By their motions, Plaintiffs seek an award of fees and costs totaling $1,277,914.40 as the prevailing parties in this action.[1] *See* (Doc. 183-2). Plaintiffs file affidavits and billing records in support of their

---

[1]The individual totals are as follows: Cote - $296,021.04; Gowski - $323,154.57; Zachariah - $376,505.19; and Bronner - $282,233.60. (Doc. 183-2). This figure for Dr. Cote is the agreed amount after an informal conference with counsel. The individual totals include $73,869.13 in costs. (Docs. 137 at 10; 170 at 3; 183 at 2).

position. *See* (Docs. 137-1 through 137-18; 148-1; 170-1; 170-2; 183-1 through 183-3). In response, Defendant does not dispute that Plaintiffs are entitled to an award of reasonable fees and taxable costs in the matter, but disputes Plaintiffs' proposed amounts. Defendant maintains that Plaintiffs are entitled to $617,150.10 in fees.[2] (Doc. 162).

I.

This litigation was initiated in August 2007, by the filing of a six-count Complaint by Dr. Cote, Dr. Gowski and Dr. Zachariah, alleging discrimination and retaliation under Title VII and the Civil Rights Act of 1964 and seeking equitable relief and damages. (Doc. 1). The Complaint was amended in January 2008 to add claims on behalf of Roxanne Lainhart Bronner. (Doc. 23). After considerable discovery, Defendant filed its Motion for Summary Judgment directed to all Plaintiffs' claims in January 2009. (Docs. 51, 52). Oral arguments on the motion were conducted, and thereafter the court entered an Order granting in part and denying in part Defendant's motion for summary judgment. (Doc. 71). The case proceeded to jury trial during the weeks of June 15, 22, and 29, 2009, on Plaintiffs' claims of retaliatory hostile work environment, and Dr. Gowski's claims of retaliation and religious discrimination, Dr. Zachariah's claims for retaliation and gender discrimination, Dr. Cote's claims for retaliation and gender discrimination, and Roxanne Lainhart Bronner's claim for retaliation. The jury found in favor of all the Plaintiffs on their retaliatory hostile work environment claims and additionally found in favor of Dr. Cote and Roxanne Lainhart Bronner on their

---

[2]Defendant has not filed a response directed to Plaintiffs' request for costs.

claims of retaliation.[3] (Doc. 121). The jury awarded damages as follows: $250,000 to Dr. Gowski in compensatory damages and $16,000 in back pay; $1,000,000 to Dr. Zachariah for compensatory damages and $90,000 in back pay; $2,000,000 to Dr. Cote in compensatory damages and $80,000 in back pay; and $300,000 to Roxanne Lainhart Bronner in compensatory damages. *Id.* Judgment was entered in Plaintiffs' favor with the Court reserving ruling on the amount of damages, fees, and costs. (Doc. 126).

The parties filed post-trial motions. *See* (Docs. 130, 131, 132). Following oral arguments on the post-trial matters, the court entered an Order granting, in part, Defendant's Motion for Judgment as a Matter of Law Under Fed. R. Civ. P. 50, to the extent that the awards of back pay to Drs. Gowski and Zachariah were vacated and the award to Dr. Cote was adjusted downward. (Doc. 169 at 7 - 14). Additionally, prejudgment interest was awarded Dr. Cote. *Id.* at 13-14. Defendant's motion for remittitur was granted in part to comply with applicable statutory caps. *Id.* at 20. An Amended Judgment was entered October 19, 2009, awarding Dr. Cote $349,018.29; Dr. Gowski $250,000; Dr. Zachariah $300,000; and Ms. Bronner $300,000. (Doc. 172). Jurisdiction was reserved on the matter of injunctive and other prospective relief,[4] fees, and costs. *Id.*

---

[3] While the jury found evidence of discrimination on Dr. Zachariah's and Dr. Gowski's retaliation claims, it further found that the Defendant would have taken the same adverse action or actions for other reasons even in the absence of Plaintiffs' statutorily protected activity. The jury found no evidence of religious discrimination against Dr. Gowski, nor evidence of gender discrimination against either Dr. Zachariah or Dr. Cote. *See* (Doc. 121).

[4] In November 2009, the court granted in part Plaintiffs' motion for equitable or prospective relief. (Doc. 181).

II.

Under Title VII, the court may award the prevailing party reasonable fees and the costs of the action. 42 U.S.C. § 2000e-5(k). The starting point in determining reasonable attorney fees is the lodestar, which is calculated by multiplying the hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.2d at 1299). In determining the reasonableness of hours expended, it is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client or opposing counsel in the exercise of good billing judgment. The lodestar, as calculated under *Hensley*, presumptively includes consideration of the so-called *Johnson* factors.[5] *See Norman*, 836 F.2d at 1299.

---

[5]In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the court set out twelve factors to be considered in determining the reasonableness of fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19. The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

III.

Plaintiffs employ the lodestar for calculating counsel's work during the administrative proceedings as well as proceedings before this court.[6] Lead trial counsel, Joseph Magri seeks compensation at an hourly rate of $400.00 per hour for 1727.8 hours of work. Co-counsel Ward Meythaler likewise seeks compensation at an hourly rate of $400.00 per hour for 968.8 hours of work. Plaintiffs additionally seek an award of $200.00 per hour for Gerard Roble for 392.3 hours of work, $130.00 per hour for Kyle Lindskog for 124.25 hours of work, $100.00 per hour for law clerk Branden Henderson for 10.3 hours of work, and $85.00 per hour for paralegal, Angela Merkle, for 350.15 hours of work. In total, Plaintiffs seek $1,204,045.25 in fees under the lodestar.

In opposition, Defendant argues that the hourly rates requested are not reasonable in light of the contractual agreement between counsel and Plaintiffs, the fee received by Mr. Magri in the *Krop* employment case against Department of Veterans Affairs less than two years previous, the results obtained, and the rates typically charged in the community for similar work. (Doc. 162). It urges that reasonable hourly rates are as follows: $325.00 for Messrs. Magri and Meythaler; $200.00 for Mr. Roble; $100.00 for Mr. Lindskog; $70.00 for Ms. Merkle; and $40.00 for Mr. Henderson. *Id.* at 8. Assuming no reduction in the hours billed, the total fee award would be $881,643.00. However, Defendant submits that a percentage reduction is appropriate where, as here, Plaintiffs did not prevail on all their claims.

---

[6]The requests are supported by affidavits from Joseph Magri (Doc. 137-1), Ward Meythaler (Doc. 137-18), and J. Robert McCormack, Esquire (Doc. 148-1).

5

Defendant suggests a thirty percent reduction which produces a fee award of $617,150.10.[7] *Id.* at 12.

Plaintiffs are the prevailing party to this litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1986). While they were not successful on all their claims, each achieved significant results as evidenced by the verdicts. In light of the equitable relief awarded, their success should inure to the benefit of others at the V.A. Bay Pines facility as well. By the evidence adduced at trial, their suits against the V.A. Bay Pines were undertaken at some significant personal and professional risk and were pursued at significant personal and economic costs by able counsel. The substantial monetary awards reflected by the verdicts, based on evidence of a highly retaliatory work environment at this facility, were clearly intended by the jury as a message to the management at the V.A. Bay Pines that their retaliatory practices should cease. In sum, the Plaintiffs each achieved excellent results, despite the lack of success on all claims. Accordingly, I find Plaintiffs are entitled to an award of reasonable fees and the costs of the action. 42 U.S.C. § 2000e-5(k).

On the matter of reasonable hourly rates, trial counsel, Messrs. Magri and Meythaler, are experienced trial attorneys with over thirty years in the practice.[8] Both enjoy excellent

---

[7]This figure was calculated by the defense based upon the Plaintiffs' initial fee motion. In response to supplemental fee requests, Defendant argues that a piecemeal approach for each post-trial segment of work is not an efficient use of time and resources, but rather suggests that the formula accepted by the court be applied on the overall reasonable fee once the work is complete. (Doc. 177 at 2).

[8]Plaintiff doctors first retained this law firm in 2005 to represent them in administrative proceedings with the V.A. By their fee agreements, Plaintiffs agreed to pay the firm's hourly rates ranging from $130 to $250 for attorney time, but which was capped at $200 per hour for attorney time prior to recovery from Defendant. *See e.g.,* (Doc. 137-13). Further, they agreed to pay for paralegal time at $60 per hour. *Id.* By counsel's account, the

reputations among the trial bar. In this case, they undertook to represent the Plaintiff doctors in 2005 in administrative proceedings before the V.A. In 2007, suit was initiated in this court. The suit was relatively complex for a Title VII matter given the number of individual claims, the necessary investigation into the varied factual circumstances supporting the respective claims, and the legal arguments raised by able attorneys for the United States Attorney's Office. As evidenced by their time records, each expended considerable time and effort over this period of time. To the credit of all counsel involved in this suit, the parties pursued lengthy and costly discovery with minimal involvement of the court. Counsel's work during summary judgment proceedings was effective and thorough, as was their pretrial work. When the case finally reached trial, counsel evidenced considerable preparation and effective advocacy on multiple claims. Their performance at trial and the results achieved were above the norm in such matters tried before this court even if they did not succeed on all claims. Based on my experience in handling matters of this sort for over sixteen years, trial counsel bill at hourly rates ranging from $300.00 to $400.00 per hour for this type of work. After full consideration, I conclude that an hourly rate of $350.00 per hour is reasonable and appropriate for the work of both Mr. Magri and Mr. Meythaler over the long course of this litigation.

      As for Gerard Roble, Esquire, the court finds $200.00 per hour a reasonable hourly rate for his out-of-court work. As for Kyle Lindskog, Esquire and Branden Henderson, law

---

fees were billed at a reduced hourly rate in recognition of the fact that the proceedings would be protracted and a higher hourly rate could be "crippling" even to doctors. In any event, the fee contract does not impose an automatic ceiling on the award of attorney's fees. *Cf. Blanton v. Bergeron,* 489 U.S. 87 (1989). Here, the fee agreements contemplate the potential for a court-ordered higher hourly fee providing that, "[t]he firm is entitled to any attorney fees awarded or collected in excess of this fee agreement with client." *See* (Doc. 137-13 at 2).

7

clerk, both appear to have done research and little else. Per the contract with Plaintiffs, their work was billed at $130.00 and $100.00 per hour respectively. I find $130.00 per hour at the high end of a reasonable rate for Mr. Lindskog, a relatively new lawyer, and $40.00 per hour a reasonable rate for a law clerk.

Paralegal work is performed in this market at rates varying from $60.00 per hour to $125.00 per hour. I find that Ms. Angela Merkle is reasonably compensated for her paralegal work over the course of this litigation at an hourly rate of $85.00 per hour.

Applying these hourly rates to the hours itemized by Plaintiffs results in a lodestar of $1,068,597.25.[9] As Plaintiff breaks this total down, it represents $269,295.77 for the representation of Dr. Gowski; $319,190.77 for the representation of Dr. Zachariah, $245,121.27 for the representation of Dr. Cote, and $234,989.44 for the representation of Ms. Lainhart Bronner.

While the lodestar represents the presumptively reasonable fee in this matter, because Plaintiffs were less than fully successful, I conclude some adjustment is necessary.[10] Here, Plaintiffs pursued multiple claims in the administrative process and before this court. In the end, although successful overall, none of the Plaintiffs were fully successful on all claims. Plaintiffs urge that despite that fact, very little reduction is warranted given the intertwined nature of all the claims. I find this argument only partially accurate. There were several

---

[9]Adding the following: for Mr. Magri, $604,730.00 (1727.8 hrs. x $350.00); for Mr Meythaler, $339,080.00 (968.8 hrs. x $350.00); for Mr. Roble, $78,460.00 (392.3 hrs. x $200.00); for Mr. Lindskog, $16,152.50 (124.25 hrs. x $130.00); for Ms. Merkle, $ 29,762.75 (350.15 x 85); and for Mr. Henderson, $412 (10.3 x 40), equals total fees of $1,068,597.25.

[10]Additionally, a review of the billing records suggests some amount of duplication of effort and redundancy which is appropriately accounted for by the court.

8

discrete claims asserted administratively or before this court apart from the retaliatory hostile work environment claims on which all the Plaintiffs prevailed which were not necessarily related to the successful claims. Consequently, discrete portions of counsel's work were necessarily devoted to unsuccessful claims.

Defendant argues that given the overall results obtained, a 30% fee reduction is warranted to account for the lack of success on some claims. Thus, while it does not dispute that Plaintiffs prevailed in this litigation, Defendant claims to have prevailed on Gowski's retaliation and religious discrimination claims, Zachariah's retaliation and gender discrimination claims, and Cote's gender discrimination claim. Because Plaintiffs were less than fully successful and because of the difficulty in segregating out discrete hours for the unsuccessful claims, an across the board reduction is appropriate. In support for such approach, Defendant cites: *Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996); *Hensley,* 461 U.S. at 435-37; *Greenbaum v. Svenska Handelsbanken, N.Y.,* 998 F. Supp. 301, 303 (S.D. N.Y. 1998)*; Reilly v. Duval County Public Schools*, No. 3:04-cv-1320-J-32MCR, 2007 WL 2120551 (M.D. Fla. July 23, 2007); *Bohen v. City of E. Chicago*, 666 F. Supp. 154, 156 (N.D. Ind. 1987); *Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335 (S.D. Fla. 2000); and *Fish v. St. Cloud State University*, 295 F.3d 849, 852 (8th Cir. 2002).

Plaintiffs concede only minimal reduction for discrete claims. Thus, they suggest that eleven (11.0) hours should be attributable to the discrete claims. I find the argument untenable.

After careful review of the billing records, I conclude that it is all but impossible to segregate out hours spent on the unsuccessful claims with any degree of accuracy and that it is

9

necessary to consider instead a percentage reduction in hours based on the overall success of the litigation. Taking into consideration the *Norman* factors and other circumstances unique to this lengthy litigation, I conclude a reduction of 20% in the fees awardable to Dr. Gowski and to Dr. Zachariah represents a fair and reasonable adjustment of the lodestar in their respective cases. These doctors, in particular, enjoyed less than complete success on their discrete claims for discrimination. While the evidence at trial fully supported that each was subjected to acts of retaliation and a highly retaliatory work environment at the V.A. Bay Pines, the jury rejected other discrete acts of discrimination as well as the retaliation claim that each pursued. As for Dr. Cote, she enjoyed greater success at trial but again, she was not wholly successful either, the court having found on summary judgment that her claims for retaliation and gender discrimination were time-barred for lack of exhaustion and the jury having rejected her claim for gender discrimination. I conclude a reduction of 10% is a fair and reasonable adjustment of her lodestar. As for Lainhart Bronner, while the court dismissed her claim of gender-based hostile work environment discrimination on summary judgment, no reduction in her lodestar is appropriate as it appears that counsel would have conducted the same amount of work even in the absence of that claim and she was otherwise fully successful.

   Accordingly, the court awards to each Plaintiff the following amounts for attorneys' fees and prejudgment interest on fees: to Dr. Gowski $220,549.98[11]; to Dr. Zachariah

---

[11]This figure is calculated by taking the total fee award to Dr. Gowski of $269,295.77, plus $6,391.71 in prejudgment interest on attorneys' fees paid by Dr. Gowski (Doc. 183 at 3) reduced by 20%. (269,295.77 + 6391.71 = 275,687.48 x .8 = 220,549.98). Plaintiffs submit that Defendant has not disputed their entitlement to prejudgment interest on attorneys fees, and further cite *Brown v. Secretary of the Army*, 78 F.3d 645, 654 (D.C. Cir. 1996) and *Raspanti v. Department of the Army*, No. Civ. A. 00-2379, 2001 WL 1081375 (E.D. La. Sept.

$264,711.86$[12]; to the estate of Dr. Cote $224,337.53$;[13] and to Ms. Lainhart Bronner $237,226.30.

IV.

As for costs, Plaintiffs seek to recoup $73,869.13. Plaintiffs submit that non-statutory costs including "travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation exhibits, document scanning, and visual equipment" are subsumed within reasonable attorneys' fees and recoverable as such.[14] Defendant does not dispute Plaintiffs' entitlement to taxable costs and has not filed a counter proposal or affidavit regarding the alleged costs. A review of the exhibits to Plaintiffs' motions reveals the majority of costs sought for photocopy charges, postage, facsimile transmissions, long-distance telephone charges, travel and parking charges, deposition costs, witness fees, mediation expenses, and expert fee charges. *See* (Docs. 137-2 through 137-12; 170-2; 183-1). In support of their claim for facsimile transmission, postage, long-distance telephone calls, and photocopy charges, Plaintiffs submit the affidavit of Angela Merkle. (Doc. 137-17). Ms. Merkle explains the firm's procedures with regard to billing and tracking

---

10, 2001), in support. The court notes that no objections to Plaintiffs' proposed calculations of prejudgment interest on attorneys' fees has been filed by Defendant.

[12]Employing the same formula as set forth in footnote 11 above, Dr. Zachariah's fee and prejudgment interest on fees award is: $319,190.77 + 11,699.06 = 330,889.83 \times .8 = 264,711.86$.

[13]$245,121.27 + 4142.65 = 249,263.92 \times .9 = 224,337.53$.

[14]Plaintiffs cite *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1329 (M.D. Fla. 2001), in support. That court held that "these types of litigation expenses are recoverable under the FLSA as part of an attorneys' fee award." *Id.*

individual client charges.  Further, counsel submit affidavits attesting that the costs incurred were reasonable and necessary.  *See* (Docs. 137-1, 137-18).

This Circuit has authorized the award of non-statutory costs as part of the overall fee award in a Title VII action.  *See Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983).  In reviewing the costs submitted by Plaintiffs, I cannot conclude that the amounts were unreasonable in light of the duration of this litigation and the ultimate success of the Plaintiffs.  Further, given the fact that Defendant has neither objected to the entitlement nor amount of the costs, the court finds that Plaintiffs are entitled to recover the full amount of their costs of $73,869.13

V.

Accordingly, Plaintiffs' Motion for Attorneys Fees and Costs and Memorandum of Law in Support (Doc. 137), Plaintiffs' Supplemental Motion to Tax Attorneys Fees and Costs (Doc. 170), and Plaintiffs' Second Supplemental Motion to Tax Attorneys Fees and Costs and Calculation of Prejudgment Interest on Attorneys Fees (Doc. 183) are **granted in part** as set forth herein.

**Done and Ordered** at Tampa, Florida, this 26th day of April 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record