FILED

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

13 SEP 17 AM 11: 46

MIDDLE ... OF FLORIDA
TAMPA, FLORIDA

ESTATE OF CLAUDIA G. COTE, M.D.,

DIANE T. GOWSKI, M.D.,

SALLY B. ZACHARIAH, M.D., and

ROXANNE LAINHART BRONNER,

        Plaintiffs,

v.          Case No. 8:07-cv-1524-T-TBM

ERIC K. SHINSEKI, Secretary,

DEPARTMENT OF VETERANS AFFAIRS,     September 17, 2013

        Defendant.

## VIOLATION OF FEDERAL COURT ORDER GRANTING INJUNCTIVE AND OTHER EQUITABLE RELIEF AND REQUEST FOR ADDITIONAL RELIEF DUE TO VIOLATION OF COURT ORDER- EVIDENCE PROVIDED

THIS MATTER is now being brought before the court, by Mr. Carlton E. Hooker Jr. as it pertains to a violation of this court order, by the Department of Veterans Affairs, as it pertains to the subsequent granting of Plaintiffs' Motion for Equitable or Prospective Relief - (Document 150) in (Document 181) by Magistrate Judge, the Honorable Thomas B. McCoun III on November 23, 2009

In that order, the Magistrate Judge, the Honorable, Thomas B. McCoun III, states as follows:

In this case, there is no showing permitting a conclusion that the discriminatory conduct will not recur or that the circumstances have changed such that the effects of the retaliatory hostile work

environment have been eliminated. Indeed, it appears that no changes have been made at all at Bay Pines VA in response to the verdicts in this case. Thus, the request for injunctive relief remains ripe. Furthermore, in order to make the Plaintiffs whole, additional specific prospective relief is appropriate. Accordingly, Plaintiffs' Motion for Equitable or Prospective Relief (Doc. 150) is granted in part as follows:

1. The Court Orders and Directs that the Secretary, his successors, assigns, agents, employees, and those acting in concert with them as well as all others subject to Defendant's control are hereby enjoined from continuing or maintaining any policy, custom, usage or practice of retaliation, retaliatory harassment, or retaliatory hostile work environment at the Bay Pines VA facility or at any location within the Bay Pines healthcare system.

## PROOF OF VIOLATION

1. On October 2, 2009, VA employee, Mr. Carlton E. Hooker Jr., made initial contact with an EEO **counselor, Randall Mitchell to file an informal EEO complaint against the Department of** Veterans Affairs, Bay Pines VA Police Department based on Retaliation for prior EEO activity. (Exhibit 1)

2. The Equal Employment Opportunity Commission has a policy which prohibits Retaliation based on Participation, where it states as follows in the EEOC Compliance Manual, Section 8-RETALIATION, II. ELEMENTS OF A RETALIATION CLAIM, C. PROTECTED ACTIVITY: PARTICIPATION – where it states as follows:  1. Definition - The anti-retaliation provisions make it unlawful to discriminate against any individual because s/he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, hearing, or litigation under Title VII, the ADEA, the EPA, or the ADA. This protection applies to individuals challenging employment

<u>discrimination under the statutes enforced by EEOC in EEOC proceedings, in state administrative or court proceedings, as well as in federal court proceedings, and to individuals who testify or otherwise participate in such proceedings\24. Protection under the participation clause extends to those who file untimely charges.</u> **<u>In the federal sector, once a federal employee initiates contact with an EEO counselor, (s)he is engaging in "participation."\25</u>**

3. Mr. Carlton E. Hooker Jr. complaint was partially accepted for investigation on December 14, 2009 by the VA Office of Resolution Management, for the Department of Veterans Affairs acknowledged that I initiated contact with an EEO counselor, on October 2, 2009, which supports the undisputed material fact, that I was a protected federal sector employee. (Exhibit 2).

4. Included in Exhibit 2, were issues that stopped at the proposal of my removal from the Bay Pines VA Police Service for three (3) charges which was included in the overall claim of harassment as another incident of harassment for which those issues were accepted for investigation. (Exhibit 2, Pages 3 and 7)

5. On December 14, 2009, Mr. Wallace Hopkins- Director of the Bay Pines VA Healthcare System received notification of the acceptance of Employee, Carlton E. Hooker EEO complaint, which was formally filed on November 12, 2009, after making initial contact with an EEO counselor on October 2, 2009, in which Mr. Hooker made the 45 day deadline date to formally file as a protected federal sector employee. (Exhibit 3)

6. On December 22, 2009, Mr. Wallace Hopkins – Director of the Bay Pines VA Healthcare System issued protected federal employee, Mr. Carlton Hooker a removal letter based on the three (3) charges that were accepted for investigation on December 14, 2009 as it pertains to the Retaliatory actions of Bay Pines VA Police Management, for which his removal was to go into effect on January 4, 2010. (Exhibit 4)

The following information supports the undisputed material fact, that the Department of Veterans Affairs, clearly violated the federal court order issued by Magistrate Judge, Thomas B. McCoun III on November 23, 2009 for which they also violated EEOC laws as it pertains to firing a protected federal sector employee for filing an EEO complaint based on Retaliation for Prior EEO activity.

Cases Related To This Issue

The following cases are currently related to this matter

1. **Atkinson et al versus Shinseki – USDC Case No- 8:10-cv-01482-MSS-TBM** - Still open

2. **Hooker vs Shinseki – USDC Case No. -8-11-cv-01230-VMC-EAJ**- dismissed for alleged failure in cooperation with discovery. NOTE: This Case pertains to the prior EEO activity as it pertains to a proposed 14 day suspension issued to me by the Chief of Police, for my participation in an VA Administrative Investigation SLE-08-05, for which I was not recommended for discipline in that matter, but four individuals in the Atkinson case were, in retaliation for prior EEO activity, for which that case is currently before this judge, and Judge, Mary S. Scriven. These two cases should have been consolidated together, but Judges Virginia Maria Hernandez-Covington and Elizabeth Ann

Jenkins, abused their authority, by refusing to acknowledge the notice of pendency of other actions provided by both counsel for the plaintiffs and the defendants in Atkinson – (Atkinson Documents 40 and 42) filed on March 21, 2012. (Exhibit 5), and my numerous requests for consolidation of like and related matters.

3. **Hooker vs Shinseki – USDC Case No. – 8:13-cv-1655-T-35TBM**, is currently open at this time, as it pertains to violations of my rights by the Management Officials of the Bay Pines VA Police Service, who accessed my personal information from a State of Florida database by fraudulent means, for which there is also a lawsuit now pending in state court, as it pertains to this matter.

4. **EEOC Appeal No – 01-2012-2165** – is currently under the request for reconsideration process as it pertains to the issues referenced in my above mentioned Proof Of Violation of this Federal Court Order, for which if the EEOC refused to reinstate me back to employment as a protected federal sector employee, then I will be forced to file suit against the Department of Veterans Affairs for violating not only the previously mentioned EEOC laws of protected activity, but also the violation of this protective order.

REQUEST FOR ADDITIONAL RELIEF DUE TO VIOLATION OF COURT ORDER

Based on the undisputed material facts in the record which now shows a clear cut violation of this protective order of the Hon. Magistrate Judge, Thomas B. McCoun III, Mr. Carlton E. Hooker Jr. hereby requests from this Court the following relief:

1. Immediate reinstatement of his employment with the Department of Veterans Affairs, as a protected federal sector employee to include back pay and all benefits being restored.

2. The immediate remanding of EEOC Appeal 01-2012-2165, by the EEOC Office of Federal Operations, back to the EEOC Miami District Office for my right to a hearing as a protected federal sector employee

3. The immediate reopening of USDC Case No. 8:11-cv-01230-VMC-EAJ, for which that case should be immediately consolidated with USDC Case No. 8:10-cv-01482-MSS-TBM, and USDC Case No. 8:13-cv-1655-35-TBM.

4. The levying of a hefty fine against the Department of Veterans Affairs, for their blatant disregard of the November 23, 2009 federal court order, which prohibited the Department of Veterans Affairs from continuing the practice of retaliation, retaliatory harassment, or retaliatory hostile work environment at the Bay Pines VA facility or at any location within the Bay Pines Healthcare System.

### REQUEST FOR AN EVIDENTIARY HEARING- CONCLUSION

In closing, I would like to request an evidentiary hearing with the Magistrate Judge, and all parties on the record prior to an issuance of a decision by this Court as it pertains to the Department of Veterans Affairs violation of his court order, if the Magistrate Judge feels that it is necessary to afford the Department of Veterans Affairs, the opportunity to dispute the facts as it pertains to their violation of his federal court order. If the Department of Veterans Affairs fails to dispute the evidence which shows the violation of the November 23, 2009 federal court order, then the REQUEST FOR ADDITIONAL RELIEF DUE TO VIOLATION OF COURT ORDER should be granted in full.

Respectfully submitted by,

*Carlton E. Hooker Jr.*
/s/ Carlton E. Hooker Jr.

Carlton E. Hooker Jr. {Pro Se)

1979 58th Circle South

St. Petersburg, Florida 33712

Phone# (727) 867-8386

Alt. Phone# (727) 342-3282

Email: carltonhooker@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17 2013, I filed the following: VIOLATION OF FEDERAL COURT ORDER GRANTING INJUNCTIVE AND OTHER EQUITABLE RELIEF AND REQUEST FOR ADDITIONAL RELIEF DUE TO VIOLATION OF COURT ORDER- EVIDENCE PROVIDED with the Clerk of the Court, and a copy of the foregoing document was sent by electronic mail to the following as legal counsel of record:

A.LEE BENTLEY, III

Acting United States Attorney thru

JEFFREY S. DOWNING

Assistant United States Attorney USAO No. 010

400 North Tampa Street, Suite 3200

Tampa, FL 33602

Telephone: (813) 274-6000

Facsimile: (813) 274-6198

E-Mail: jeff.downing@usdoj.gov

And

JENNIFER WAUGH CORINIS

Assistant United States Attorney

Fla. Bar No. 0049095

400 N. Tampa Street, Room 3200

Tampa, Florida 33602

Telephone: 813-301-3082

Facsimile: 813-274-6200

Email: jennifer.corinis@usdoj.gov

And

YOHANCE A. PETTIS

Assistant United States Attorney

Fla. Bar No. 021216

400 N. Tampa Street, Room 3200

Tampa, Florida 33602

Telephone: 813-274-6000

Facsimile: 813-274-6200

Email: yohance.pettis@usdoj.gov

And

Joseph Magri

 Merkle, Magri, Meythaler P.A

Email: jmagri@merklemagri.com

And

Ward Meythaler

Merkle, Magri, Meythaler P.A

Email: wamsecy@merklemagri.com

And

Mr. Carlton Hadden

Director – EEOC Office of Federal Operations

Email: carlton.hadden@eeoc.gov

And

EEOC Chair- Jacqueline Berrien

Head of the Equal Employment Opportunity Commission

Email: jacqueline.berrien@eeoc.gov

/s/ Carlton E. Hooker Jr.

Carlton E. Hooker Jr. {Pro Se)

1979 58th Circle South

St. Petersburg, Florida 33712

Phone# (727) 867-8386

Alt. Phone# (727) 342-3282

Email: carltonhooker@gmail.com